UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

JOHN MARANTO                                              CIVIL ACTION NO. 05-0359

versus                                                              JUDGE HICKS

CITIFINANCIAL RETAIL SERVICES, INC.          MAGISTRATE JUDGE HORNSBY

_____

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Compel Arbitration and to Stay Proceedings (Doc. 14). For the reasons that follow, it is recommended that Defendant's motion be denied.

**Plaintiff's Allegations**

This case involves allegations of identity theft. Essentially, Plaintiff alleges that a Citifinancial credit card account was opened in Plaintiff's name by an imposter. The imposter then made purchases, which were billed to Plaintiff. Plaintiff alleges he contested the account and the fraudulent charges made thereon. However, Plaintiff alleges that Defendant continued to bill Plaintiff and reported false and derogatory credit data about Plaintiff to consumer reporting agencies.

Plaintiff filed suit for damages and other relief under the Fair Credit Billing Act and state law. Plaintiff alleges that, despite the fact that he did not apply for the credit card account, Plaintiff is listed as a "cardholder" on the account and would fit the definition of a

cardholder under the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

**Defendant's Motion**

Defendant moves to compel arbitration of this dispute on the basis that the Preferred Customer Application Agreement contains a provision mandating the arbitration of disputes and controversies relating to the account. Defendant argues that, even though Plaintiff may not have signed the agreement, Plaintiff is seeking remedies based on the agreement and, therefore, Plaintiff cannot avoid the agreement's arbitration provisions. Defendant argues that Plaintiff *must* rely on the account agreement to pursue his claims under the FCBA and the TILA. According to Defendant, equitable estoppel precludes Plaintiff from suing based on one part of the agreement while avoiding an arbitration clause contained in that agreement, citing Washington Mutual Finance Group v. Bailey, 364 F.3d 260 (5th Cir. 2004).

Plaintiff argues that arbitration cannot be compelled in this case because there is no agreement whatsoever between Plaintiff and Defendant. Plaintiff cites several unreported cases for that proposition. In its reply, Defendant emphasizes Plaintiff's allegation that he is a "cardholder" under the TILA. Defendant argues that, for Plaintiff to be a cardholder, Plaintiff must have agreed with Defendant to pay obligations arising from the issuance of a credit card. And, Defendant argues, the cardholder agreement in this case requires arbitration.

**Analysis**

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. In determining whether the parties have agreed to arbitrate the dispute in question, the court must consider (1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement. Always present in the analysis is the strong federal policy favoring arbitration which requires resolution of any ambiguity in favor of arbitration. Painewebber Incorporated v. The Chase Manhattan Private Bank, 260 F.3d 453, 462 (5th Cir. 2001).

Defendant's motion fails at the first step. There is no valid agreement to arbitrate between Plaintiff and Defendant. Defendant apparently issued a credit card and opened an account in Plaintiff's name, but there is no evidence before the court that Plaintiff applied for the card or consented to the opening of the account. In fact, the allegations are that the account was opened as a result of identity theft committed by an imposter. It is contrary to logic and common sense to attempt to bind Plaintiff to the terms of a credit application agreement for an account that was opened by Defendant at the request of a defrauder.

Defendant attempts to avoid the absence of a valid agreement by arguing that Plaintiff should be estopped from denying the existence of the agreement to arbitrate. This argument is unpersuasive. Plaintiff is not claiming the benefits of one part of the credit card agreement

while trying to avoid another part of that same agreement.  <u>Bailey</u>, 364 F.3d 260, does not apply in this situation.

Defendant argues that if its motion is denied, then it must mean that Plaintiff is not an "obligor" or "cardholder" and thus does not have the requisite standing to assert any claims under the FCBA.  It is not necessary to jump to that conclusion at this stage of the proceeding.  If Defendant believes Plaintiff lacks standing or fails to state a claim under the FCBA, Defendant can file a timely motion raising those issues.  Those arguments are not properly before the court at this time.  The court decides only that there is no valid agreement between Plaintiff and Defendant to arbitrate this dispute.

Accordingly;

**IT IS RECOMMENDED** that Defendant's Motion to Compel Arbitration and to Stay Proceedings (Doc. 14) be denied.

### **Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 18th day of November, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE