**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JOHN MARANTO                                    CIVIL ACTION NO. 05-0359

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

CITIFINANCIAL RETAIL SERVICES, INC.             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by Defendant CitiFinancial Retail Services, Inc. ("CitiFinancial"). [Doc. No. 27]. Plaintiff John Maranto ("Maranto") seeks to recover damages from CitiFinancial pursuant to the Fair Credit Billing Act ("FCBA"), the Louisiana Unfair Trade Practices Act, and Louisiana state tort law. Defendant's motion seeks to have all of Plaintiff's dismissed. For the reasons which follow, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The facts are largely not in dispute. Maranto was a victim of identity theft. Sometime in late December of 2003, an impostor obtained Maranto's personal information and opened several lines of credit with various creditors in Maranto's name. One of those creditors was CitiFinancial. Maranto learned of the account on December 27, 2003 when he received mail from CitiFinancial concerning the new account. Maranto called CitiFinancial to contest the fraudulent account and alerted local authorities.

On January 8, 2004, CitiFinancial wrote Maranto to acknowledge his dispute. The letter provided a form for Maranto to complete concerning the particulars of the contested charges. The letter clearly stated:

> This form has been forwarded to you for your convenience. While federal law requires that we receive a **written inquiry** regarding any dispute or billing error within sixty (60) days of your receipt of the statement containing such dispute or billing error, you are not required to use or return this form in order to satisfy such requirement. **However, we do need to receive your complaint in writing.**

[Rec. Doc. 38-1, Exhibit 16A; emphasis added]. Maranto claims he completed the form and mailed it to CitiFinancial at P.O. Box 220**66**, Tempe, Arizona, 85285-2060. CitiFinancial denies it received the notice.

CitiFinancial continued to bill Maranto for the fraudulent charges. Although Maranto claims he continued to dispute the charges, the record only reflects two written notices, both of which were mailed to P.O. Box 220**66**, Tempe, Arizona. The Marantos were eventually denied credit, and filed suits against several creditors seeking damages under the Truth in Lending Act.[1]

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v.

---

[1]Of the four cases filed in the Western District of Louisiana, the instant matter is the only case still pending.

Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be

sufficient to enable it to survive a motion for directed verdict at trial." <u>Stults v. Conoco, Inc.</u>, 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." <u>Id.</u>

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248, 106 S. Ct. at 2510.

**B.      Plaintiff's Fair Credit Billing Act Claim.**

The Fair Credit Billing Act, 15 U.S.C. § 1666, provides that a creditor must take certain steps to investigate an alleged billing error within 30 days of receiving written notice of the error from the obligor. However, a creditor's obligations under Section 1666 are not triggered unless, within sixty days of transmitting a billing statement, it "receives at the address disclosed under section 1637(b)(10) of this title" a written notice from the obligor detailing the alleged error. Section 1637(b)(10) in turn provides that the billing statement which is sent at the end of each billing cycle must include the address to be used by the creditor for the purpose of receiving billing inquiries from the obligor. 15 U.S.C. § 1637(b)(10). Accordingly, for Section 1666 to be triggered, the creditor must receive written notice at the address specified in the billing statement.

The "Billing Rights Summary" portion of the CitiFinancial billing statement sent to Maranto states in part: "If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us on a separate sheet of paper **to the return address shown on the front of your statement** as soon as possible. We must hear from you no later than 60 days afer we sent you the first bill on which the error or problem

occurred. You can telephone us, but doing so will not preserve your rights." [Doc. No. 50, Exhibit 10; emphasis added]. The return address shown on the front of the statement is CitiFinancial Retail Services, P.O. Box 220**60**, Tempe, Arizona, 85285-2060. Accordingly, in order to trigger its Section 1666 obligations, CitiFinancial would have to receive written notice of alleged billing errors at Post Office Box 220**60**.

Maranto argues that he telephoned CitiFinancial on several occasions. However, verbal notice is not sufficient to trigger Section 1666. The only written correspondence that Maranto alleges to have sent was a letter dated January 22, 2004 and a letter dated July 13, 2004, both of which were mailed to CitiFinancial at P.O. Box 220**66**, Tempe, Arizona.[2]

Maranto argues that since Post Office Box 220**66** is in fact assigned to CitiFinancial, then CitiFinancial received the required notice and its obligations were triggered. However, Section 1666 specifically provides that the creditor must receive the notice *at the specified address*. Since Maranto does not dispute that he did not send written notice addressed to the specified address, he cannot maintain his claim pursuant to Section 1666.[3]

## C.    Pendent State Law Claims.

A district court may, and the general rule is that it should, decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. §1367(c)(3); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th. Cir. 1995). Since the Court has dismissed Maranto's sole federal claim due to his inability to establish a *prima facie* claim under the

---

[2]Even if the second letter had been correctly addressed, which it was not, it would not have been timely.

[3]Maranto is not left unprotected, since other provisions of the Truth in Lending Act (which do not require written notice) protect him from being held responsible for the fraudulent charges. He simply cannot recover damages pursuant to Section 1666.

Fair Credit Billing Act, the Court finds that the appropriate disposition of any remaining state law claims is to dismiss them without prejudice. Accordingly, the motion for summary judgment as to those claims is denied.

## III.   CONCLUSION.

For the foregoing reasons, the Court finds that Plaintiff has failed to establish a claim pursuant to the Fair Credit Billing Act.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 27] filed by the Defendant,  CitiFinancial Retail Services, Inc., is hereby **GRANTED** to the extent that it seeks a dismissal of the claims brought by Plaintiff John Maranto under the Fair Credit Billing Act.  Accordingly, those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that CitiFinancial's motion for summary judgment is hereby **DENIED** to the extent that it seeks dismissal of Maranto's state law claims.  As this Court declines to exercise supplemental jurisdiction over the remaining state law claims, those claims are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of September, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE